Chief Justice Marshaee
delivered the opinion of the Court.
[This bid was. filed by Charles Lair and his trustees or assignees to reclaim usury. The first part r>f the opinion in this case decides no new principle, but contains a statement of the case, and calculations, showing the probable state of the accounts between, the parties.]
But it is alleged by Broadwell that the land was taken at a price greatly above its vendible ralue at the time, in consideration of a release execute! by C. & I. N. Lair, releasing all claim of usury in his transactions -with them. The release itself states tha it constitu- . ted the inducement lor taking the land z a very high price. And the deduction from, the evidnce is that it could not have been sold for more than aout $30 per acre, if for that much, upon the terms f paying the whole price upon receiving the possessioi or even in a year afterwards,. Broadwell allowed $0 an acre for *221 it, to be credited on I. N. Lair’s debt, and on C. Lair’s debt as it existed at the time possession was to be delivered. And he prays that if the release which constituted the inducement for allowing so high a price be disregarded and deemed ineffectual, the contract for the land may be rescinded, and that he may have a lien on it for his debt and legal interest. The other parties consented to a rescisión, but at the final hearing the representatives of Broadwell having been allowed an election, chose to retain the land, which appears to have appreciated in value. And the question is whether in now settling the claim for usury, the excess allowed above the actual value of the land shall be considered as a payment of so much money, or as a set off against so much of the usury included in th.e debt. As it seems to be entirely certain that the excess in the price of the land was allowed in consideration of the usurious interest included in the debt which paid for it, there seems to be an evident justice and propriety now, when the debt is to be purged and the usury disallowed, that the excess of price allowed for the usury should be disregarded. And it would seem to be unjust to diminish the real debt with its legal interest further than there was a real payment of it, or to hold the one party to the nominal price allowed as including usurious interest not to be reclaimed, and at the same time to allow the other party to reclaim the same usury as if actually paid. And as the debtors in reclaiming the usury avoid, as they have a right to do, so much of the contract as was based upon the usury, so, we suppose, Broadwell might in that case, without offering to restore the land and rescind the entire contract, claim that he should be charged only with the value of what he had actually received, and not with so much of the conventional price as was based upon the usury. And as this would have been an equitable claim, if he had made no offer or prayer for a rescisión, we consider it as not affected by the withdrawal of that prayer, though it may have been produced by an appreciation in the value of the land. But lest injustice might be done by *222 assuming the value of the land to have been but $30 per acre, or one fourth less than was allowed for it, wre assume it to have been $32 per acre, thus making, as we think, all reasonable allowance for diversity of opinion and of statement among the witnesses. We therefore diminish the credit of $5,991 46 by 20 per cent, or one-fifth, which leaves $4,793 17 to be applied as a credit on the 1st March, 1843, to the sum then legally due, and shows a balance of $3,125 17, which being deducted from the amount of the note then due of $8,652 86 leaves $5,527 69 as the sum which should have been credited on the note as usury instead of $7,318 49 credited by the decree.
It is contended on the part of the appellees that they are entitled to a further credit on account of the usury included in the debt of I. N. Lair, which was extingushed by the conveyance of the land. But as one of the tracts conveyed in payment was his, and not only discharged his own but a portion of his fathers debt, he alone and not his father had a right to reclaim the usury thus paid by him on his own debt. He did in fact file a bill reclaiming it, which, with the proceedings on it, is brought into this record as an exhibit. From which it appears that Broadwell, having pleaded the release above mentioned, and the Court having refused to reject the plea on the complainant’s motion, he discontinued his suit. And although he is made a party in the present suit, he does not attempt to re-assert or revive his' claim for repayment of the usury. Nor do the complainants setup the claim as belonging to them, or pray for its payment, or for any action in relation to it, except that in case of a recision of the sale of. the land and a lien being allowed to Broadwell for what should be legally due the usury paid by I. N. Lair, should be taken into the account, The bill moreover states the payment on the debt of C. Lair in the land transaction as having been $5,991 46. And the circumstance that the transaction was but one, and that the two debts were added, and the price of the land deducted from the aggregate is not deemed material since I. N, Lair’s- *223 land paid much more than his own debt. And although it had been mortgaged to C. Lair to indemnify him as surety for this and the other debts of I. N. Lair, still it was as I. N. Lair’s land, that it paid not only this debt of his, but other debts of 0. Lair’s to the extent of more than its value. There is, therefore, in our opinion, no ground for investigating in this case the usury contained in the debt of I. N. Lair, and the cross-error assigned on that subject is not available.
Damages may be awarded in some eases, where the collection of a note in suit, not a judgment is njoined.
One other subject remains to be disposed of. The complainants, by an amended bill, obtained an injunction to stay further proceedings in an action commenced by Broadwell on a note executed by C. Lair and another, until the matters involved in this suit should be heard, the ground of equity being that the claim of usury against Broadwell exceeded the amount of the note of C. Lair to him for $8,652 86, and that the excess should be. set off against the other demand on which he was suing. The injunction granted by two Justices was modified by the Court so as to allow Broadwell to proceed to judgment on the note sued on, but with a stay of execution until further order of the Court. On final hearing, as it appeared that the usury did not exceed the note in which it was contained, the injunction was dissolved, but without damages, the omission to decree which is assigned for error. We think the damages should have been decreed. Although the original injunction did not enjoin a judgment but an action only, the modified order did enjoin the judgment allowed to be obtained. And as the alleged ground for the injunction did not in fact exist, there was no ground on the merits for refusing the damages usually awarded in such case.
Wherefore, the decree is reversed upon the errors assigned by the appellant, and the cause is remanded with directions to render a decree crediting the note for $8,652 86 mentioned in the bill by the sum of $5,-527 69, and dissolving the injunction above mentioned with damages, and decreeing to the complainants their *224 costs except upon the amended bill praying said injunction.
Curry, Robinson and Johnson for appellants; B. 4" A. Monroe, G. Davis and Trimble for appellees.